UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INFORMATION** |
| v. | CRIM. NO. 1:11-CR-228 (GLS) |
| IANI S. TASSEV, | Vio: 21 U.S.C. §§ 846 & 841(a)(1) & 841(b)(1)(A) 18 U.S.C. §§ 1956(h) & 1956(a)(1)(B)(i) |
| **Defendant.** | [2 Felony Counts] |

### THE UNITED STATES ATTORNEY CHARGES THAT:

### COUNT 1

**Conspiracy to Possess With Intent To Distribute and Distribute Marijuana**

Between on or about November of 2008 and November of 2010, in the State and Northern District of New York and elsewhere, the defendant,

### IANI S. TASSEV,

knowingly and intentionally combined, conspired, confederated and agreed with other persons to possess with intent to distribute and to distribute a controlled substance, which offense involved a mixture and substance containing more than 1000 kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846, and subject to the penalty provisions of Title 21, United States Code, Section 841(b)(1)(A)

## COUNT 2

### (18 U.S.C. § 1956(h) – CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS)

From in or before November, 2008, the exact date being unknown, up to and including on or about April 15, 2011, in the Northern District of New York and elsewhere, the defendant, **IANI S. TASSEV**, did combine, conspire, and agree with others to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, to wit: conspiracy to possess with intent to distribute and distribute marijuana as set forth in Count 1, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### MANNER AND MEANS

1. Among the manner and means by which defendant **IANI S. TASSEV** conducted and participated in the conduct of the affairs of the conspiracy were the following:

    A. Defendant **IANI S. TASSEV** conducted transactions, including the purchase of various assets, using U.S. currency and money orders, to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity.

B.   Defendant **IANI S. TASSEV** attempted to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity by under-reporting, or failing to report, income.

C.   Between November, 2008 and April, 2010, **IANI S. TASSEV** purchased expensive watches with proceeds derived from the marijuana conspiracy charged in Count One of Information 11-CR-  and resold those items in Bulgaria for cash.

D.   In July of 2009, **IANI S. TASSEV** conspired with another individual to purchase real estate using proceeds derived from the marijuana conspiracy charged in Count One of Information 11-CR-  through a shell company and to take back a note that would not be repaid

E.   Between November, 2008 and April, 2011, defendant **IANI S. TASSEV** provided individuals with cash derived from the marijuana conspiracy charged in Count One of Information 11-CR to safeguard for him.

All in violation of Title 18 United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

Counts One and Two of this Information are realleged and incorporated herein by reference as though fully set forth herein.

As a result of committing the controlled substance offenses alleged in Count One of this Information, which are re-alleged and incorporated by reference as if fully set forth herein, **IANI S. TASSEV**, the defendant, shall forfeit to the United States, pursuant to 21 United States Code, Section 853, all his interest in any and all property constituting, or derived from, any proceeds

that said defendant obtained directly or indirectly as a result of said violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Count One of this Information. The intent of the United States of America to forfeit such property includes, but is not limited to, the following property:

## FORFEITABLE PROPERTY

A. **U.S. Currency**

   1. $846,370.00

B. **Money Judgment**

   1. **The Defendant agrees that the Court, following a determination as to the weight of the subject marijuana, shall impose a money judgment representing the total dollar value of the proceeds obtained from his participation in the conspiracy alleged in Count One of Information 11-CR-.**

## SUBSTITUTE ASSETS

If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendant up to the value of the forfeiture judgment.

RICHARD S. HARTUNIAN
UNITED STATES ATTORNEY

BY: _____
Daniel Hanlon
Assistant U.S. Attorney
Bar Roll No. 514103