IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | PLEA AGREEMENT |
| v. | |
| **IANI S. TASSEV,** | **Criminal Action No.:** |
| | **11-CR-228 (GLS)** |
| **Defendant.** | |

RICHARD S. HARTUNIAN, United States Attorney for the Northern District of New York (by Assistant United States Attorney Daniel Hanlon, appearing) and **IANI S. TASSEV** (by Gaspar M. Castillo, Esq., appearing) hereby enter into the following Plea Agreement regarding the disposition of certain criminal charges against the Defendant:

    1.    **Defendant's Promises.** In return for the consideration described below, **IANI S. TASSEV** agrees as follows:

        a.    The Defendant will waive indictment and enter a plea of guilty to Count 1 and Count 2 of Information (11-CR-228) charging him in Count 1 with conspiracy to possess with intent to distribute and distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), and in Count 2 with conspiracy to launder monetary instruments, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i).

    2.    **Potential Penalties:** **IANI S. TASSEV** understands that his guilty plea to Count 1 and Count 2 of Information 11-CR-228 will subject him to the following potential penalties:

1

**COUNT 1 of the Information 11-CR-228 (Conspiracy to Possess with the Intent to Distribute and Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846:**

a. **Maximum term of imprisonment**: Life. (21 U.S.C. § 841(b)(1)(A)).

b. **Mandatory minimum term of imprisonment**: Ten years. (21 U.S.C § 841 (b)(1)(A)).

c. **Supervised Release**: In addition to imposing any other penalty, the sentencing Court must require the Defendant to serve a term of supervised release of at least 5 years, and up to life, to begin at the expiration of any term of imprisonment imposed upon him. (21 U.S.C. § 841 (b)(1)(A)). Should the Defendant be placed on a term of supervised release and subsequently violate any of the terms and conditions of that release before the expiration of such term, he may be sentenced [pursuant to 18 U.S.C. § 3583(e)(3)] to up to 5 years imprisonment in addition to any prison term previously imposed upon him and in addition to the statutory maximum term of imprisonment set forth above. Under some circumstances, the Court may also extend the term of supervised release, and it may modify, reduce, or enlarge the conditions of such release.

d. **Maximum fine**: $10,000,000. (21 U.S.C. § 841(b)(1)(A))

**COUNT 2 of Information 11-CR-228 (Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)):**

e. **Maximum term of imprisonment**: 20 years. (18 U.S.C. § 1956(a)(1)(B)).

f. **Supervised Release**:   In addition to imposing any other penalty,

the sentencing Court may require the Defendant to serve a term of supervised release of up to three (3) years, to begin at the expiration of any term of imprisonment imposed upon him. (18 U.S.C. § 3583(b)(2)). Should the Defendant be placed on a term of supervised release and subsequently violate any of the terms and conditions of that release before the expiration of such term, he may be sentenced to up to two (2) years imprisonment in addition to any prison term previously imposed upon him and in addition to the statutory maximum term of imprisonment set forth above. (18 U.S.C. § 3583(e)(3)). Under some circumstances, the Court may also extend the term of supervised release, and it may modify, reduce, or enlarge the conditions of such release.

      g.    **Maximum fine**: The Court may impose a fine of up to the greater of $500,000 or twice the value of the funds involved in the offense of conviction (18 U.S.C. § 1956(a)(1)(B)).

### BOTH COUNTS

      h.    **Special Assessments**: The Defendant will be required to pay an assessment of $100 per count of conviction for a total of $200 which is due and payable at the time of sentencing. (18 U.S.C. § 3013) The Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $200 payable to the U.S. District Court at the time of his sentencing.

      i.    **Interest and penalties**: Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the Defendant's sentence, from as early as the date of sentencing.

      j.    **Collateral Consequences**: Conviction of a felony under this

Agreement may result in the loss of certain civil rights, including, but not limited to, the right to vote or the right to possess firearms.

   k. **Forfeiture**; The sentence imposed by the Court will include an order of forfeiture, as more fully set forth below. (21 U.S.C. §853 and 18 U.S.C. §982(a)(1)).

  3. **Sentencing Factors.** IANI S. TASSEV understands that the sentence to be imposed upon him is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties, the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder, as modified by *United States v. Booker*, 543 U.S. 220 (2005). In imposing the sentence, the Court must take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). While the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors. The United States Attorney's Office will ask the Court to apply the Guidelines in effect on the date of sentencing, pursuant to 18 U.S.C. § 3553(a)(4)(A)(ii) and U.S.S.G. § 1B1.11, even if the application of the Guidelines in effect at the time the defendant committed the offense would generate a lower sentencing range.

  4. **Elements of the Offense.** IANI S. TASSEV understands the following legal elements of the offenses stated in Count 1 and Count 2 of the Information and admits that those elements accurately describe his criminal conduct:

**COUNT 1 of Information 11-CR-228  (Conspiracy to possess with intent to Distribute Marijuana) in violation of 21 U.S.C. §§ 841(a)(1) and 846:**

First, That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, namely, to engage in the possession with intent to distribute and distribution of marijuana as charged in Information 11-CR-228 ; and

Second, That at some time during the existence or life of the conspiracy, the Defendant knowingly and willfully became a member of such conspiracy; and

Third: that the conspiracy involved the possession with intent to distribute and distribution of more than 1000 kilograms of marijuana

**COUNT 2 of Information 11-CR-228 (Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i)):**

First, That the conspiracy, agreement or understanding (described in Count 2 of the Information), was formed reached or entered into by two or more persons;

Second, That at some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement, and then deliberately joined the conspiracy, agreement, or understanding; and

Third, That the conspiracy involved conducting financial transactions knowing that the property involved in the financial transactions represented and involved the proceeds of a specified unlawful activity, that is the conspiracy to possess with intent to distribute and distribute marijuana as set forth in Count 1 of Information 11-CR-228, and knowing that the transactions were designed in whole or part to disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

5. **Factual Basis for the Plea.**  IANI S. TASSEV admits the following facts, which establish his guilt with respect to the offenses stated in Count 1 and Count 2 of Information 11-CR-228:

  a. From on or about November of 2008 through November of 2010, in the Northern District of New York, and elsewhere, **IANI S. TASSEV** knowingly and intentionally, combined, conspired, confederated, and agreed with other persons to possess with intent to distribute and distribute marijuana.

  b. From on or about November 2008 through April 15, 2011, in the Northern District of New York, and elsewhere, **IANI S. TASSEV** knowingly and intentionally, combined, conspired, confederated, and agreed with other persons to conduct financial transactions knowing that the property involved in the financial transactions represented and involved the proceeds of a specified unlawful activity, that is the conspiracy to possess with intent to distribute and distribute marijuana as set forth in Count 1 of Information 11-CR-228, and knowing that the transactions were designed in whole or part to disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

  c. **IANI S. TASSEV** routinely conducted activities in furtherance of the conspiracy and regularly purchased large quantities of marijuana from co-conspirators in Canada that he transported or caused to be transported through the Northern District of New York to numerous locations in Dutchess County, New York for the purpose of redistribution. **IANI S. TASSEV** sold the marijuana he obtained from his sources of supply to numerous individuals in the Northern District of New York and elsewhere where it was further redistributed.  Iani Tassev purchased expensive watches with proceeds derived from the marijuana conspiracy charged in Count One of Information 11-CR-   and resold those items in Bulgaria for cash. **IANI S. TASSEV** also provided

individuals with cash derived from his marijuana sales to safeguard for him. In July of 2009, **IANI S. TASSEV** conspired with another individual to purchase real estate using proceeds derived from the marijuana conspiracy through a shell company and take back a note that would not be repaid. **IANI S. TASSEV** also attempted to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, by under-reporting, or failing to report any income derived from the conspiracy set forth in Count 1 of Information 11-CR-228. **IANI S. TASSEV** intentionally engaged in this conduct with the specific purpose of carrying on the Conspiracy set forth in Count 1 of Information 11-CR-228. Between November of 2008 and November of 2010, the investigation in this case, including law enforcement surveillance of **IANI S. TASSEV** and witness debriefings, reveals that **IANI S. TASSEV** engaged in numerous marijuana transactions with other members of the conspiracy, amounting to the distribution from **IANI S. TASSEV** to other members of the conspiracy of no less than 1000 kilograms of marijuana for redistribution.

    d. The parties incorporate by reference, as further factual admissions by the Defendant, the stipulations as to sentencing factors and issues set forth in paragraph 10 below.

    e. The Defendant understands that the sentencing Court may make factual findings with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines, whether or not such factors or issues have been admitted by the Defendant or stipulated by the parties. In making those findings by a preponderance of the evidence, the Court may consider any

reliable evidence, including hearsay. The Defendant agrees that his sentence may be determined based upon such judicial fact-finding.

6. **Use of Defendant's Admissions.** The Defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth above, in paragraph 5 , shall be admissible and useable against the Defendant by the United States in any subsequent criminal or civil proceeding, even if he fails to enter a guilty plea pursuant to this Agreement, or if such a guilty plea is later vacated or withdrawn. The Defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with this Agreement generally.

7. **Collection of Financial Obligations.** In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees fully to disclose all assets in which he has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

   a. The Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The Defendant promises that his financial statement and disclosures will be complete, accurate and truthful.

   b. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

8. **Government's Promises and Reservation of Rights.** In exchange for the plea of guilty to Count 1 and Count 2 of Information 11-CR-228 by **IANI S. TASSEV** and his continuing compliance with all of the terms of this Plea Agreement, the United States Attorney's Office for the Northern District of New York agrees as follows:

a. It will bring no further federal criminal charges against the Defendant relating to the conduct in the Northern District of New York committed before the date of this Agreement which is described in Count 1 and Count 2 of Information 11-CR-228 and the Defendant's admissions in paragraph 5 above, for so long as the guilty plea and sentence on Count 1 and Count 2 of Information11-CR-228 remain in effect.

b. If the guilty plea to Count 1 and Count 2 of Information11-CR-228 is later withdrawn or vacated, the charges dismissed or not prosecuted pursuant to this Agreement may be filed and prosecuted, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the reinstatement of any such charges. The Defendant waives any defense or objection to the reinstatement and prosecution of any such charges that are not time-barred by the applicable statute of limitations as of the date of this Agreement.

c. It reserves the right to recommend a specific sentence within the applicable Guidelines range determined by the Court.

d. The U.S. Attorney's Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within Count 1 and Count 2 of

Information11-CR-228, subject only to the limitations imposed by U.S.S.G. § 1B1.8.

9. **Forfeiture.** As a result of committing the offense alleged in Count One of Information 11-CR-228, which is realleged and incorporated by reference as if fully set forth herein, **IANI S. TASSEV** hereby forfeits to the United States all his right, title, and interest, if any, in any and all assets that are subject to forfeiture pursuant to 21 U.S.C § 853, including any property constituting, or derived from, proceeds that were obtained directly or indirectly as the result of such violation, whether such property or proceeds is in the possession or control of the Defendant, a nominee or some other third party.

    a. The Defendant consents to the entry of an order of forfeiture of his right, title and interest, if any, in any and all assets subject to forfeiture.

    b. The Defendant further admits that his ownership interest, if any, in each such asset was acquired by him with proceeds of his drug trafficking activity and/or that each asset facilitated his drug trafficking activities.

    c. The Defendant agrees that the Court shall impose a money judgment representing the total dollar value of the proceeds obtained in his participation in the conspiracy alleged in Count One of Information 11-CR-228. The Defendant shall be jointly and severally liable with the other convicted co-defendants for said money judgment.

    d. The Defendant hereby agrees to forfeit his interest, if any, in each asset set forth below, including but not limited to:

        i. **Money Judgment**

The Defendant agrees that the Court, following a determination as to the weight of the subject marijuana, shall impose a money judgment representing the total dollar value of the proceeds obtained from his participation in the conspiracy alleged in Count One of Information 11-CR-228. Defendant shall be jointly and severally liable with the other convicted co-defendants to the extent of his participation in the conspiracy.

  ii. **U.S. Currency**

    $846,370.00

 e. The Defendant agrees that he will cooperate with the Government by executing any and all documents necessary to relinquish and transfer his interest in the above-described and all other forfeitable assets to the United States of America including but not limited to, surrendering title; completing any documents required for the transfer assets to the United States; and taking whatever legal steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

 f. In the event that any successful claim is made by any third party to the assets described herein, defendant agrees to forfeit substitute assets equal in value to the asset transferred to any third party as a result of such claim. The Defendant agrees that forfeiture of substitute assets as authorized herein and pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982, incorporating by reference Title 21, United States Code, Section 853 (p), shall not be deemed an alteration of the Defendant's sentence. The Defendant acknowledges that

forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

      g.      The Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of all forfeitable assets in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of an excessive fine, to the forfeiture of assets by the United States.

      h.      The Defendant understands and acknowledges that the United is relying upon defendant's representations in entering into this Plea Agreement. The Defendant agrees to, and does hereby grant, convey and deed to the United States of America all of his right, title and interest, if any, in any forfeitable property in which he has an interest up to the value of his liability as set forth above. This includes property in which the Defendant's interest may not be of record, and property to which title is or may be in the name of a third party. It is the intent of the parties that this agreement constitutes a contract which creates rights enforceable by the United States to effectuate the conveyance to the United States of property in which the Defendant may have an interest.

      i.      The Defendant acknowledges and understands that the Government may additionally institute civil or administrative proceedings against any or all of the Defendant's forfeitable assets, including but not limited to substitute assets

and any forfeitable assets not identified by the Defendant, and he agrees not to contest any such forfeiture proceedings.

j.  The Defendant agrees not to assist another individual in an attempt to contest the forfeiture of any of the forfeitable properties in which he or one or more of the co-defendants have an interest, and further agrees he will not reacquire any of the forfeited property, directly or indirectly, through nominees, family members, friends or associates.

k.  The Defendant further agrees that none of the forfeited property shall be returned to him nor shall he assert any claim to the forfeited property in the event that the United States Attorney determines, in his sole discretion, that the Defendant has breached this agreement.

l.  The Defendant further consents to provide full and complete financial disclosure concerning his assets and financial interests and will not oppose depositions or third parties designated by the United States on the subject of the Defendant's assets and financial interests.

Any breach of this Agreement, the determination of which is within the sole discretion of the United States Attorney's Office for the Northern District of New York, will be treated as a breach of the entire Agreement and will result in the use of all provided statements and information against the Defendant for any purpose, including sentencing.

10.  **Stipulations.**

The U.S. Attorney's Office and **IANI S. TASSEV** agree to stipulate at

sentencing to the statements set forth in subparagraph a below, subject to the caveats set forth in the subparagraphs following.

    a.    With respect to Count 1, **IANI S. TASSEV** is accountable for between 1000 and 3000 kilograms of marijuana, based upon the relevant conduct of this Defendant readily provable by the United States, without consideration of information provided by the Defendant which is protected by U.S.S.G. § 1B1.8. The corresponding offense level from the drug quantity table at U.S.S.G. § 2D1.1(c)(8) is 32.

    b.    With respect to Count 2, pursuant to U.S.S.G. § 2S1.1(a)(1), the defendant's base offense level is 32. After the application of U.S.S.G. § 2S1.1(b)(2)(B), the defendant's offense level is 34. Since the defendant is convicted of a count of laundering funds (Count 2) and a count for the underlying offense from which the laundered funds were derived (Count 1), the counts shall be grouped pursuant to subsection (c) of § 3D1.2. *See* U.S.S.G. § 2S1.1, comment (n.6).

    c.    The U.S. Attorney's Office will recommend a 2-level downward adjustment to the applicable Sentencing Guidelines range if, (A) through the time of sentencing, the Defendant clearly demonstrates "acceptance of responsibility" to the satisfaction of the Government for the offenses of conviction, as defined in U.S.S.G. § 3E1.1(a); and (B) the Government does not learn of new evidence of conduct committed by the Defendant, either before or after his guilty plea, that constitutes "obstruction of justice," as defined in U.S.S.G. § 3C1.1. If the Defendant clearly demonstrates "acceptance of responsibility" to the satisfaction of the Government and promptly enters a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid

preparing for trial and permitting the Government and the Court to allocate their resources efficiently, the U.S. Attorney's Office will move for an additional downward adjustment of 1 level, if the Defendant otherwise qualifies under U.S.S.G. § 3E1.1(b).

    d. Until the Probation Office has fully investigated the Defendant's criminal history, it is not possible to predict with certainty the Defendant's Criminal History Category and, in some cases, his total offense level.  The Defendant understands that, under certain circumstances, his criminal history may affect his base offense level under the Sentencing Guidelines.  The parties agree that, if the presentence investigation reveals that the Defendant's criminal history may support a base offense level different than that stipulated in this Agreement, the parties will be released from their stipulation as to the base offense level and may advocate with respect to how the Defendant's criminal history affects his base offense level.

    e. It is understood that these stipulations cannot and do not bind the sentencing Court, which may make independent factual findings by a preponderance of the evidence and may reject any or all stipulations between the parties.  The rejection of any or all stipulations by the Court will not be the basis for the withdrawal of a plea of guilty by the Defendant, and will not release either the U.S. Attorney's Office or the Defendant from any other portion of this Agreement, including any other stipulations agreed to herein.

    f. No stipulation in this Agreement shall affect the parties' respective obligations to ensure that, to the extent possible, the Court has all information pertinent to its determination of an appropriate sentence.  The parties may provide any such factual information to the Probation Office and/or to the Court, without limitation, before

or after the completion of the Presentence Investigation Report, and agree that the submission of such information shall not be deemed "advocacy" in violation of any stipulation in this Agreement.

      g.    To the extent the stipulations above do not reflect agreement on any factor or issue potentially affecting the applicable advisory Sentencing Guidelines range, the Defendant and the U.S. Attorney's Office each expressly reserves the right to advocate if, and how, any such factor or issue would apply under the Sentencing Guidelines.

11.    **Preliminary Sentencing Guidelines Estimates.** The Defendant understands that any estimate of the Defendant's total offense level, criminal history score, and/or Sentencing Guidelines range provided before sentencing is preliminary and is not binding on the parties to this Agreement, the Probation Office, or the Court.

12.    **Remedies for Breach.** Should the U.S. Attorney's Office determine that the Defendant, after the date of this Plea Agreement, (i) has committed any further crime or violated any condition of release or supervision imposed by the Court (whether or not charged); (ii) has given false, incomplete, or misleading testimony or information; or (iii) has otherwise breached any condition of this Agreement, the U.S. Attorney's Office will have the right, in its sole discretion, to void this Agreement, in whole or in part. In the event of any such breach, the Defendant will not be permitted to withdraw his guilty plea under this Agreement, but will thereafter be subject to prosecution for any federal criminal violation of which the U.S. Attorney's Office has knowledge, including but not limited to charges that this Office has agreed to dismiss or has agreed not to

prosecute pursuant to this Agreement.

      a.      The Defendant waives any defense or objection to the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date of this Agreement, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of any such prosecution.

      b.      Moreover, in connection with any such prosecution, any information, statement, or testimony provided by the Defendant, and all leads derived therefrom, may be used against him, without limitation. The Defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with this Agreement generally.

      c.      In the event of any such breach by the Defendant, the U.S. Attorney's Office will have the right, in its sole discretion, to do the following, notwithstanding any contrary provision or stipulation in this Plea Agreement:

           *i.*      to advocate if, and how, any particular adjustment or specific offense characteristic affects the applicable Sentencing Guidelines range;

           *ii.*      to utilize any information, statement, or testimony provided by the Defendant in determining the applicable Sentencing Guidelines range, notwithstanding U.S.S.G. § 1B1.8;

           *iii.*      to recommend a specific sentence of imprisonment within or above the applicable Sentencing Guidelines range determined by the Court.

13.    **Limitations on Agreement.**  This Agreement is limited to the U.S.

Attorney's Office for the Northern District of New York and cannot bind other federal, state or local prosecuting authorities. Furthermore, this Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the Defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability or proceedings relating to the forfeiture of assets.

14. **Agreement Not Binding on the Court.** The Court is neither a party to, nor bound by this Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the U.S. Probation Office.

    a. The Court is not bound by any recommendation, stipulation, or request made by the parties, pursuant to Fed. R. Crim. P. 11(c)(1)(B), as to the appropriate sentence, and the Defendant may not withdraw his plea of guilty if the Court declines to follow any such recommendation, stipulation, or request. The U.S. Attorney's Office reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to the Defendant's sentence, whether or not such decision is consistent with this Office's recommendations, stipulations, or requests.

15. **Waiver of Defendant's Rights.** IANI S. TASSEV acknowledges that he has read each of the provisions of the entire Plea Agreement with the assistance of counsel and understands its provisions. The Defendant further acknowledges that his plea is voluntary and did not result from any force, threat, or promises, other than the

promises in this Plea Agreement.

      a.    The Defendant understands his right to assistance of counsel at every stage of the proceeding and has discussed his constitutional and other rights with defense counsel.  The Defendant understands that by entering a plea of guilty, he will be giving up his rights (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present evidence in his/her defense; and (vi) to remain silent and refuse to be a witness against himself by asserting the privilege against self-incrimination.

      b.    The Defendant has been advised by defense counsel of the nature of the charges to which he is entering a guilty plea and the nature and range of the possible sentence.  The Defendant understands the sentencing Court's obligation to consider the United States Sentencing Guidelines, as explained further in paragraph 3 above, and the Court's discretion to depart from those Guidelines under some circumstances or otherwise to impose a reasonable sentence outside of the applicable Sentencing Guidelines range.

    16.    <u>Waiver of Appeal and Collateral Attack.</u>  **IANI S. TASSEV** acknowledges that, after consultation with defense counsel, he fully understands the extent of his rights to appeal, and/or to collaterally attack the conviction and sentence in this case. The Defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment of 188 months or less, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the

reasonableness of the sentence imposed. The Defendant acknowledges that the number of months specified above is not a promise of any particular sentence and is not binding on the Court. The Defendant agrees that, should the sentence imposed exceed 188 months, this would not permit him to withdraw his guilty plea or to appeal or collaterally attack his conviction, but would merely allow the Defendant to appeal or collaterally attack the sentence imposed by the Court, to the extent permitted by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255.

17. **Memorialization of Agreement.** No promises, agreements or conditions other than those set forth in this Agreement will be effective unless memorialized in writing and signed by all parties or confirmed on the record before the Court.

This Agreement, to become effective, must be signed by all of the parties listed below.

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

Dated: May 12, 2011    By: _____
Daniel Hanlon
Assistant United States Attorney
Bar Roll No.

Dated: May 12, 2011    _____
**IANI S. TASSEV**
Defendant

Dated: May 12, 2011    _____
Gaspar M. Castillo, Esq.
Attorney for the Defendant
Bar Roll No. 101316