IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.   1:11-CR-228 (MAD) |
| ) | |
| ) | Government's Sentencing Memorandum |
| **v.** ) | |
| ) | |
| **IANI TASSEV** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum. The government requests that the Court impose a guideline sentence under the United States Sentencing Guidelines that takes into account any motions made by the parties.

**I.     Introduction and Background**

From November of 2008 through November of 2010, the defendant routinely purchased large quantities of marijuana from co-conspirators in Canada that he transported or caused to be transported through the Northern District of New York to numerous locations in Dutchess County, New York for the purpose of redistribution. The defendant sold the marijuana he obtained from his sources of supply to numerous individuals in the Northern District of New York and elsewhere where it was further redistributed.  The defendant purchased expensive watches with proceeds derived from the marijuana conspiracy charged in Count One of Information 11-CR- 228 and resold those items in Bulgaria for cash. The defendant also provided individuals with cash derived from his marijuana sales to safeguard for him.  In July of 2009, the defendant conspired with another individual to purchase real estate using proceeds derived from the marijuana conspiracy through a shell company and take back a note that would not be repaid. The defendant also

attempted to conceal and disguise the nature, location, source, ownership and control of the proceeds he derived from his participation in the marijuana conspiracy, by under-reporting, or failing to report any income derived from that conspiracy. Between November of 2008 and November of 2010, the defendant engaged in marijuana transactions with other members of the conspiracy, amounting to the distribution from the defendant to the other members of the conspiracy of no less than 1000 kilograms of marijuana for redistribution.

## II.     Applicable Statutory and Guideline Provisions

### A.   Statutory Maximum and Minimum Sentences

The defendant's conviction of conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 846 subjects the defendant to a mandatory minimum of ten years in prison; maximum term of life in prison; a mandatory minimum term of supervised release of at least five years; and up to a $10 million fine.

The defendant's conviction for conspiracy to launder monetary instruments subjects the defendant to a maximum term of 20 years in prison, up to $500,000 fine, and up to three years of supervised release.

### B.   Guidelines Provisions

#### 1.   Offense Level

As set forth in ¶¶ 44-53 of the PSIR, Counts One and Two are grouped for guideline calculation purposes and carry an adjusted offense level of 36. The government concurs with this guideline calculation. The government agrees with probation's four-level upward adjustment pursuant to U.S.S.G. 3B1.1(a) (set forth in ¶¶ 48 of the PSIR) to account for the defendant's role as a leader in a marijuana conspiracy that involved more than 5 participants.

### 2. Acceptance of Responsibility

The government agrees with probation's determination that defendant is entitled to a three-level downward adjustment to the defendant's offense level for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b).

### 3. Criminal History Category

According to the presentence report, the defendant's criminal history category is I. The government agrees with the Probation Office's determination of the defendant's criminal history category.

### 4. Guidelines Range and Sentence

The total offense level for Count One is 31, and the criminal history category is I. Because of the above-described calculations, absent any departures, the federal sentencing guidelines sections advise that the defendant receive a sentence of 135-168 months imprisonment.

## III.     Sentencing Recommendation

Based on all of the information before the Court, the government respectfully requests that the Court impose a sentence consistent with the federal sentencing guidelines after consideration of any motions for departure made by the parties. Under the facts present here, such a sentence will be sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

The quantity of marijuana and drug proceeds possessed, distributed and controlled by the defendant is significant by any standard. The defendant was responsible for the distribution of

more than 1000 kilograms of marijuana. It is the government's position that a guideline sentence reflects the seriousness of the defendant's offenses and affords appropriate deterrence to criminal conduct.

"[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85 (2007); *see*, *e.g.*, *Gall v. United States*, 552 U.S. 38 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

Respectfully submitted this 27th day of June, 2019

GRANT C. JAQUITH
United States Attorney

*s/Daniel Hanlon*

By: Daniel Hanlon
Assistant United States Attorney
Bar Roll No. 514103